## Case No. 15,713a.

UNITED STATES v. MALONEY et al.

[N. Y. Times, May 28, 1853.]

Circuit Court, D. New York. 1853.

CRIMINAL LAW—TWO INDICTMENTS FOR SAME CRIME.

[A prisoner who has been twice indicted for the same crime, but who has never been arraigned under the first indictment and has never pleaded to it, has no right to have it quashed before going to trial under the second indictment.]

The case of the captain and surgeon of the ship Roscius. The United States v. Daniel Maloney and John Christian, jointly indicted for the murder of a sailor, known as Emanuel and another as "Yankee Chap." The justice decided on the motion to dismiss the first indictments as follows:

NELSON, Circuit Justice. I have looked into the authorities on the question made by the prisoners' counsel, that the indictments first found, which have been remitted from the district court to this court, should be quashed before the prisoners are required to plead to the indictments since found in this court. I find that where a prisoner has been already arraigned and has pleaded, and a second indictment is found for the same offence, the court will adopt some measure to get rid of the first indictment by quashing it or requiring a nolle pros. to be entered before requiring a plea to the second. There is a good reason for this course. If the prisoner should be tried on the indictment secondly found, and acquitted or convicted, and the public prosecutor should then proceed to put him upon his trial upon the indictment first found, the prisoner, having already put in his plea of not guilty, might have some difficulty in availing himself of the former acquittal or conviction as a bar to the further prosecution of the indictment first found. This reason has no application to a case like the present. The prisoners have not been arraigned on the indictments first found. They have not pleaded. The attorney for the United States claims the right to proceed upon either indictment at his election, and to omit any present action in the others. The authorities sustain this position. After a trial upon the second indictment, if the prisoner should be arraigned on the first, they could plead the former acquittal or conviction in bar. So they can suffer no prejudice from the denial of their present motion.

The district attorney then moved that Daniel Maloney and John Christian be ar-

raigned severally for the murder of Emanuel and Yankee Chap. The prisoners pleaded not guilty.

On motion of F. B. Cutting, Ogden Hoffman, and George F. Betts, counsel for the prisoners, separate trials were ordered of Captain Maloney and Dr. Christian, and the case of Daniel Maloney, the captain, for the murder of Emanuel, was set down for Wednesday, the 1st of June, 1853.